[Civ. No. 68462. Second Dist., Div. Four. Nov. 18, 1983.]

ARLIE JACKSON, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Buckley & Webb and Marguerite M. Buckley for Plaintiff and Appellant.

Knapp, Petersen & Clarke, Barry Bartholomew and Ronald W. Hopkins for Defendant and Respondent.

**OPINION**

**McCLOSKY, J.**—Plaintiff Arlie Jackson appeals from a judgment of dismissal after the trial court sustained the demurrer of defendant State Farm

Mutual Automobile Insurance Company to the first amended complaint without leave to amend.[1]

FACTS

The material allegations of the first amended complaint are as follows: On September 25, 1980, plaintiff's parked automobile was demolished when Kathleen Apodaca so negligently operated her automobile that she collided with plaintiff's automobile. At the time of the collision, Ms. Apodaca was insured for liability insurance by defendant. Immediately after the mishap, plaintiff demanded that defendant pay for the damage to his car. Defendant refused. On or about February 23, 1981, plaintiff filed an action in Santa Monica Municipal Court against Kathleen Apodaca (improperly named Kathryn Apodoca), Victor Russo and Doe defendants for damages caused by the collision. On October 9, 1981, plaintiff made a written demand for settlement from defendant. Defendant would not negotiate.

On December 5, 1981, plaintiff again made yet another settlement demand on defendant. Defendant offered a $25 settlement to plaintiff for the loss of the car which was valued at between $900 to $1,200. At the time of this settlement offer, defendant's officers "had conducted all investigation, discovery, and analysis necessary to apprise said defendant that the claims of plaintiff were . . . of a reasonable value substantially in excess of $25.00."

As a result of the refusal of defendant to negotiate a settlement, plaintiff was required to take his action to trial. "On January 13, 1982, a verdict was returned in favor of plaintiff ARLIE JACKSON against defendant's insured Kathleen Apodaca and another person, joint and severally, in the amount of $835.00 plus costs. Judgment upon said verdict has now become final."

Upon this factual predicate, plaintiff alleged a cause of action for violation of Insurance Code section 790.03, subdivision (h), "including but not limited to section 790.03 [subdivision] (h)(5)." That section in pertinent part provides: "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.

". . . . . . . . . . . . . . . . . . . . . . .

"(h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:

---

[1] We review the propriety of the order sustaining the demurrer due to the resulting judgment. (*City of Tiburon* v. *Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, 164, fn. 1 [84 Cal.Rptr. 469].)

". . . . . . . . . . . . . . . . . . . . . . .

"(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

In the trial court, defendant demurred generally for failure to state facts sufficient to constitute a cause of action and specially for uncertainty. The trial court did not specify the reasons or upon which ground the demurrer was sustained as required by Code of Civil Procedure, section 472d.

■ When a demurrer interposed on both general and special grounds is sustained without leave to amend and the trial court does not specify upon which grounds it based its ruling, it will be assumed that the court ruled on the general demurrer only. (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 504, fn. 1 [146 Cal.Rptr. 614, 579 P.2d 505].)

Defendant's general demurrer was based on the alleged failure of plaintiff to plead *"how liability had become reasonably clear* [to State Farm] as to Ms. Apodaca. . . ." In sustaining the demurrer, the trial court ruled that "[t]he claim in the Seminal action against this defendant's insured was at best doubtful, the accident having been primarily caused by the other car which was found to be 80% at fault. Under the circumstances, the refusal of the defendant to pay the entire claim was reasonable and this action for bad faith refusal to pay the claim is untenable. Punitive damages are certainly not recoverable under the circumstances."

## CONTENTIONS

On appeal plaintiff contends: (1) that the trial court erred in sustaining the demurrer and (2) if the trial court was correct in sustaining the demurrer, to do so without leave to amend was an abuse of discretion. Because we find the trial court erred in sustaining the general demurrer, we need not, and do not, reach plaintiff's second contention.

## DISCUSSION

■ In determining whether plaintiff's first amended complaint states or is capable of stating a cause of action, we accept the allegations of the pleading as true. (*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241].) This court in making its determination will not look beyond the confines of the complaint, except as to matters judicially noticeable. (*Id.,* at p. 591.)

■ Our Supreme Court in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], recognized a

private cause of action was created by Insurance Code section 790.03, subdivision (h). This cause of action may be brought by a third party claimant of an insurer due to a single wrongful act by that insurer upon the final conclusion of the suit establishing liability of the insured to the claimant.

■ In order to state a cause of action under Insurance Code section 790.03, subdivision (h)(5), plaintiff must plead facts to show that:

(1) The insurance company had facts to demonstrate that liability of their insured had become reasonably clear;

(2) Knowing of these facts the insurance company did not act in good faith to effectuate a prompt, fair, and equitable settlement with the claimant, and

(3) There has been a settlement or a final determination that the insured is liable to the claimant.[2]

■ The insured, Ms. Apodaca, was held jointly and severally liable with one other person for the judgment in the underlying action. Both parties attempt to relate this fact to the requirement that the liability of the insured be reasonably clear to the insurance company at the time of the claim, before liability could be established under Insurance Code section 790.03, subdivision (h)(5). While this discussion is understandable in view of the apparent reliance the trial court placed on the finding of relative fault of the defendants in the underlying action in making its ruling, it evidences a misunderstanding of both the nature of a cause of action under Insurance Code section 790.03, subdivision (h)(5), and the effect of being held jointly and severally liable.

■ In making the determination of whether the settlement offer was a reasonable one for the insurer to accept, we take into consideration the California rule that: " 'The size of the judgment recovered in the personal injury action when it exceeds the policy limits, although not conclusive, furnishes an inference that the value of the claim is the equivalent of the amount of the judgment and that acceptance of an offer within those limits was the most reasonable method of dealing with the claim.' (*Crisci* v. *Security Ins. Co.,* supra, 66 Cal.2d [425] at p. 431 [58 Cal.Rptr. 13, 426

---

[2]We note that plaintiff pleads and defendant accepts that the underlying action resulted in a favorable final determination of liability satisfying that requirement imposed by *Royal Globe.* (23 Cal.3d at pp. 891-892.) We therefore do not discuss what constitutes such a final determination. (See *Nationwide Insurance Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 715 [180 Cal.Rptr. 464]; *Rodriguez* v. *Fireman's Fund Ins. Companies, Inc.* (1983) 142 Cal.App.3d 46, 54 [190 Cal.Rptr. 705].)

P.2d 173].)" *(Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 17 [123 Cal.Rptr. 288, 538 P.2d 744].)

■ While the fact that the insured was held to be jointly and severally liable may ultimately be relevant to a determination of whether the liability of the insured had become reasonably clear to the insurer at the time of the claim by the plaintiff, it is not determinative. The question of whether liability has become reasonably clear contemplates an examination of the facts known to the insurer at the time the third party claim is made. The question of whether the insurer acted in good faith to effectuate a prompt, fair, and equitable settlement requires a comparison of how the insurer dealt with the claimant in relation to the facts concerning liability that the insurer had or should have had in its possession.

■ Here, plaintiff pleads that defendant made a $25 settlement offer. He also pleads that defendant ". . . conducted all investigation, discovery and analysis necessary to apprise said defendant that the claims of plaintiff were and are of a reasonable value substantially in excess of said $25.00." This is sufficient to plead that defendant had facts from which liability had become reasonably clear and that they did not attempt to effectuate a good faith settlement.

Defendant attaches great importance to the alleged finding in the underlying suit that the insured was 20 percent responsible for the collision while a third party was 80 percent responsible. We first note that the finding of proportionate liability is not pleaded in the complaint, and we therefore may not consider it unless it is judicially noticeable. Defendant asserts in its brief that the trial court took judicial notice of the underlying suit. If this is so, then pursuant to Evidence Code section 459, we must also take judicial notice of it. This assertion is, however, unsupported by the record on appeal.

Even were we to accept the argument that defendant's insured was found to be 20 percent at fault while a third party was found to be 80 percent at fault, no different result would be required. We see nothing contrary to public policy in allowing a suit to be brought pursuant to Insurance Code section 790, subdivision (h)(5), against an insurer whose insured has been held jointly and severally liable instead of solely liable.

■ As our Supreme Court explained in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 587 [146 Cal.Rptr. 182, 578 P.2d 899]: "When independent negligent actions of a number of tortfeasors are each a proximate cause of a single injury, each tortfeasor is thus personally liable for the damage sustained, and the injured person may sue one or all

of the tortfeasors to obtain a recovery for his injuries; the fact that one of the tortfeasors is impecunious or otherwise immune from suit does not relieve another tortfeasor of his liability for damage which he himself has proximately caused." The court later explained that "a concurrent tortfeasor [may] obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis." (*Id.*, at p. 598.)

█ We accordingly hold that it would be contrary to public policy to allow an insurance company to escape liability under Insurance Code section 790.03, subdivision (h)(5), simply because it knows of facts that indicate its insured is a joint or concurrent rather than a sole tortfeasor, even where the responsibility of the financial satisfaction of ultimate liability may fall solely on the insured and its insurer.

Contrary to defendant's suggestion, this is not using "the doctrine of joint and several liability as a boot strap to trigger [defendant's] statutory duties under Insurance Code § 790.03 (h)(5)." Of course, "[s]uch duties arise only where liability is 'reasonably clear.'" But these duties do not vanish when that clear liability is of a joint and several nature.

Insurance Code section 790.03, subdivision (h)(5), provides for "settlements of claims in which *liability* [of the insured] has become reasonably clear." (Italics added.)

Defendant argues that this may lead to an insurer being "held liable for a violation of Insurance Code § 790.03 if an insurer rejected a demand for settlement by a plaintiff for the entire amount of the plaintiff's settlement demand, even if it appeared that the insured was only 1% responsible for claimant's damages."

This is not the situation presented by the record on appeal.[3]

█ As long as an insurer knows facts or through a reasonable investigation would learn of facts from which liability of its insured has become reasonably clear, then the insurance company must make a reasonable attempt to settle for a reasonable amount, taking into consideration, among other things, the potential liability of its insured. This is so, because, as is pointed out in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578 at page 590, "a concurrent tortfeasor whose negligence is a proximate cause of an indivisible injury remains liable for the *total* amount

---

[3]Defendant asserts that the first amended complaint and the unattached exhibits to it show that plaintiff made full demand of defendant and that this was confirmed in oral argument to the trial court by plaintiff. The record on appeal does not contain these exhibits and we therefore do not consider this assertion.

of damages, diminished only 'in proportion to the amount of negligence attributable to the person recovering.' [*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, at p. 829 (119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393).]" (Italics added.)

We do not address that portion of the court's ruling that found that "[p]unitive damages are certainly not recoverable under the circumstances." The record on appeal contains no motion to strike punitive damages in the trial court, nor is there any argument regarding the propriety of punitive damages in the briefs on appeal.

The matter is reversed with directions to the trial court to overrule defendant's demurrer to plaintiff's first amended complaint and to give it a reasonable time to answer.

Woods, P. J., and Kingsley, J., concurred.