[No. A035493. First Dist., Div. Two. Sept. 17, 1987.]

POLLY TAYLOR, Plaintiff and Appellant, v.
CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-
INSURANCE BUREAU et al., Defendants and Respondents.

**COUNSEL**

Carole S. Cullum and Cullum & Sena for Plaintiff and Appellant.

Randolph S. Hicks, David W. Wessel, Clinton H. Coddington and Coddington, Hicks & Danforth for Defendants and Respondents.

## OPINION

**BENSON, J.**—Plaintiff Polly Taylor (Taylor) appeals from a summary judgment granted in favor of defendant California State Automobile Association (CSAA). The amended complaint charged CSAA with violation of section 790.03, subdivision (h)(5),[1] of the Unfair Practices Act contained in Insurance Code sections 790 through 790.10.[2] An additional cause of action for intentional or negligent infliction of emotional distress was also pleaded. We affirm the judgment.

Taylor's first amended complaint alleges she was walking across 18th Street at Guerrero Street in San Francisco when an automobile operated negligently by an individual, insured by CSAA, collided with her and that as a result of the accident she incurred special damages of $9,768.57. She also alleges CSAA was "aware of facts demonstrating the insureds['] clear liability as early as spring 1982." The complaint recites she made a policy limit demand of $25,000 in April of 1982 which CSAA countered with an offer of $13,000, later raised to $15,000. One and one-half business days before the trial date, CSAA offered $20,000 and finally agreed on the policy limit of $25,000.

CSAA eventually moved for summary judgment contending, in essence, there had been no final determination of its insured's liability in the underlying personal injury lawsuit, a necessary element in maintaining an action for violation of section 790.03, subdivision (h)(5), and as a matter of law its conduct was not "outrageous," a necessary element in maintaining the emotional distress cause of action.

In support of its motion, CSAA offered as evidence a copy of the release of all claims signed by Taylor. Paragraph 3 of the release provides: "[t]he undersigned [Taylor] understands the liability for said accident is disputed by the parties herein released and this release is a compromise and shall not be construed as an admission of liability." Taylor filed no evidence in opposition to the motion for summary judgment.

The trial court granted the motion on the grounds "(1) there is no triable issue of material fact as to whether there was a final determination or admission of the liability of [CSAA's] insured, and (2) there is no triable

---

[1] Appellant's first amended complaint also alleges violation of subdivisions (h)(2), (3) and (13). No facts concerning these alleged violations were alleged in the first amended complaint and no argument concerning them was made in the trial court. These violations are not argued in this appeal. We regard the allegations as having been abandoned and will not address them.

[2] Unless otherwise indicated all further references are to the Insurance Code.

issue of material fact as to whether [CSAA's] conduct towards plaintiff was extreme and outrageous."

In the trial court and in this appeal Taylor argues she has met the requirements set forth in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880, 884 [153 Cal.Rptr. 842, 592 P.2d 329]. She contends she has shown the underlying action has been concluded and she need not show predetermination of the insureds' liability as a condition to maintaining this action. CSAA does not dispute that Taylor has sufficiently shown a "conclusion" of the underlying action against its insureds. The trial court had before it evidence of settlement of the underlying action and execution of a release of the insureds which authorized dismissal of the action with prejudice. (*Afuso* v. *United States Fid. & Guar. Co.* (1985) 169 Cal.App.3d 859, 863 [215 Cal.Rptr. 490].) The issue presented is whether a predetermination of an insured's liability in the underlying action is a necessary element of a cause of action under subdivision 709.03, subdivision (h)(5). This district has not ruled on the precise issue.[3] This issue is presently being considered by our Supreme Court.[4]

Taylor argues she need only show that CSAA failed to attempt to settle her claim after liability of the insured became "reasonably clear." She quotes from section 790.03, subdivision (h)(5) which provides: "Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." She reads this section to mean that it is the breach of the insurer's duty to settle rather than the determination of the insured's liability in the underlying action which gives rise to the third party claimant's cause of action.

She points out that five weeks after the decision in *Royal Globe* was published, the Legislature refused to pass Senate Bill No. 483 which would have overruled the court's holding. Senate Bill No. 483, however, would have overruled the holding which established a cause of action by a third party claimant against the insurer. The proposed legislation did not mention the elements of such a cause of action.

---

[3] A statement on the issue contained in *Green* v. *Travelers Indemnity Co.* (1986) 185 Cal.App.3d 544, 554 [230 Cal.Rptr. 13] is dicta since plaintiffs' actions against the insured, Johns-Manville Products Corporation, had been stayed by the bankruptcy court and were not concluded at the time they filed the action for violation of section 790.03, subdivision (h).

[4] *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1986) 190 Cal.App.3d 1162 [226 Cal.Rptr. 333], review granted July 31, 1986 (L.A. 32222); *Nelson* v. *GAB Business Services, Inc.* (1986) 198 Cal.App.3d 233 [224 Cal.Rptr. 595], review granted July 31, 1986 (L.A. 32223); *Murphy* v. *State Farm Mut. Auto. Ins. Co.* (1986) 194 Cal.App.3d 1118 [229 Cal.Rptr. 633], review granted Nov. 26, 1986 (L.A. 32279); *Cranston* v. *Insurance Co. of North America* (1986) 193 Cal.App.3d 668 [229 Cal.Rptr. 560], review granted Dec. 11, 1986 (L.A. 32285).

Subdivision (h) was added to section 790.03 in 1972 and amended in 1975 to add paragraphs 14 and 15. (Stats. 1972, ch. 725, § 1, p. 1314; Stats. 1975, ch. 790, § 1, p. 1812.) Section 790.03 defines "unfair and deceptive acts or practices in the business of insurance." Subdivision (h) lists 15 acts which constitute "unfair claims settlement practices." The section does not set forth any conditions precedent to bringing an action under the section. We, therefore, turn to cases interpreting the statute.

Taylor asserts neither policy considerations nor the holding in *Royal Globe* require a determination of the insured's liability as a prerequisite to maintaining an action under section 790.03, subdivision (h). *Royal Globe* held that "[A] third party claimant may sue an insurer for violating subdivisions (h)(5) and (h)(14), but that the third party's suit may not be brought until the action between the injured party and the insured is concluded." (*Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d at p. 884.) The court's reason for its ruling that the insured and the insurer could not be sued in the same action was that section 1155 of the Evidence Code makes evidence of insurance inadmissible in the action to prove negligence or wrongdoing and a joint trial would violate the letter and the spirit of the section. The court went on to state that "unless the trial against the insurer is postponed until the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. In addition, damages suffered by the injured party . . . may best be determined after the conclusion of an action by the third party claimant against the insured." (*Id.* at p. 892.) Nowhere in the opinion did the court define what it meant by the term "concluded." As we previously observed, CSAA does not dispute that the underlying action was concluded.

In reaching its determination that "there is no triable issue of material fact as to whether there was a final determination or admission of liability of [CSAA's] insureds" the trial court relied on the holdings in *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711 [180 Cal.Rptr. 464], *Williams* v. *Transport Indemnity Co.* (1984) 157 Cal.App.3d 953 [203 Cal.Rptr. 868] and *Heninger* v. *Foremost Ins. Co.* (1985) 175 Cal.App.3d 830 [221 Cal.Rptr. 303]. Appellant attacks these cases.

In *Nationwide,* the injured claimant sued the insured. Trial resulted in a jury verdict in favor of the plaintiff. While an appeal by the insured was pending in that action, the third party claimant sued the insurer for violation of various subdivisions of section 790.03. In the action by the third party claimant against the insurer, the Court of Appeal issued a peremptory writ of mandate directing the trial court to sustain the insurer's demurrer, grant its motion for judgment on the pleadings and dismiss the action. The

court interpreted *Royal Globe* to require a *"judgment* establishing the liability of the insured" as a condition to maintaining an action against the insurer. (*Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 714, italics added.) This decision was based on language of *Royal Globe* which required not only that the action by the third party claimant against the insured be concluded, but that " 'the liability of the insured is first determined.' " (*Ibid.*)

In *Williams,* the injured claimant died without bringing an action against the insured and his estate also failed to bring such an action. The claimant's wife brought an action against the insurer in her individual capacity and as representative of the estate. The court affirmed the granting of summary judgment in favor of the insurer, citing *Nationwide,* on the grounds *Royal Globe* requires conclusion of the underlying action and a predetermination of the insured's liability. The court cited the reason that damages are best determined after conclusion of the action against the insured. Claimant's wife argued the concerns motivating the holding in *Royal Globe* that the underlying action must be concluded, were not present in her case since the statute of limitations barred any action against the insured. She asserted the issue in the action was whether the insurer failed to promptly attempt settlement at the time liability became reasonably clear and not whether the insured was liable for the injuries to her husband. The court rejected this argument on the basis that an insurance contract is in essence an indemnity contract so that there can be no claim against the insurer until the insured's liability is in fact established. The court stated: "[t]herefore, however well isolated facts may *seem* to indicate a time when liability had become reasonably clear to the insurer, if the insured had no liability in actual fact, the insurer can have breached no duty to settle a third party claim." (*Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d at p. 960.)

The court in *Heninger* cited the holdings in *Nationwide* and *Williams.* That claimant sought compensation for damage to his mobile home caused by a severe storm. He asserted the owner of the mobile home park allowed trees on the property to become rotted and unsteady resulting in one of them being blown over and damaging his home. He presented a claim to the owner's insurer. The claim was settled for a sum the claimant alleged was less than that to which he was entitled. The claimant signed a release of all claims striking out all references to the insurer. No action was filed against the insured. Dismissal of the action against the insurer was affirmed, not on the grounds the underlying action had not been concluded, but rather on the grounds there had been no final determination of the insured's liability.

On appeal, CSAA relies on *Sych* v. *Insurance Co. of North America* (1985) 173 Cal.App.3d 321 [220 Cal.Rptr. 692] in addition to the cases

relied on by the trial court. Taylor fails to address this case in her reply brief. In *Sych,* trial of the underlying action resulted in a judgment for the defense which was affirmed on appeal. Sych then brought an action against the insurer alleging various violations of section 790.03, but the gravamen of the complaint was violation of subdivision (h)(5). The Court of Appeal affirmed the dismissal of the action by the trial court after it sustained the insurer's demurrer without leave to amend. The court stated: "Since, appellant's complaint admits that a jury had determined Doctor Innes was not liable for appellant's injury, it lacks as essential element of a prima facie case for violation of section 790.03, subdivision (h)(5), and fails to state facts sufficient to constitute a cause of action." (*Id.* at pp. 327-328.)

We agree with the holdings in *Nationwide, Williams, Heninger* and *Sych* and conclude that an admission or a determination of the insured's liability in the underlying action is a prerequisite to maintaining a third party action by the claimant against the insurer under section 790.03, subdivision (h)(5). Unless such an admission or determination has been made, the duty of the insurer has not been established and a cause of action will not lie absent the showing of a duty owed. We do not read the Unfair Practices Act to create absolute liability of insurers.

Here, the claimant alleged that liability of the insureds was reasonably clear to the insurer. She cannot rely on this allegation, however, in opposition to a motion for summary judgment. The purpose of a summary judgment motion is to discover proof of the allegations of the complaint. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 293, pp. 591-592.) CSAA offered uncontested evidence in the form of an executed release wherein the parties agreed that liability of the insured was disputed by the insurer. This proof negates the only allegation contained in the first amended complaint which would suggest the insurer had a duty to claimant, a necessary element of her cause of action for violation of section 790.03, subdivision (h).[5] A defendant who negates a necessary element of a plaintiff's case is entitled to summary judgment. (*Parsons Manufacturing Corp.* v. *Superior Court* (1984) 156 Cal. App.3d 1151, 1157 [203 Cal.Rptr. 419].)

This determination, that the duty of the insurer is an element of the cause of action to be alleged in the complaint, is not new. In *Jackson* v. *State Farm Mutual Auto. Ins. Co.* (1983) 148 Cal.App.3d 1179, 1185 [196

---

[5]Since CSAA presented uncontested evidence to negate Taylor's allegation that the insured's liability was "reasonably clear," we do not pass on the sufficiency of Taylor's allegation. We do think it worthwhile however to note the pleading criteria established in *Mercury Casualty Co.* v. *Superior Court* (1986) 179 Cal. App.3d 1027, 1035 [225 Cal.Rptr. 100] that the pleading must state facts to demonstrate "the insured is liable to the claimant."

Cal.Rptr. 474], the court listed the elements of the statutory cause of action as (1) the insurance company had knowledge of facts to demonstrate that the liability of the insured was reasonably clear; (2) knowing these fact, the insurance company did not act in good faith; and (3) there had been a final determination of the insured's liability. In *Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d at page 965, the court stated no duty arises under section 790.03 unless the insured is liable. Similarly in *Sych,* no cause of action was stated where it was found in the underlying action that the insured was not liable. (*Sych* v. *Insurance Co. of North America, supra,* 173 Cal.App.3d at pp. 327-328.) In *Heninger,* the court held liability of the insured must be predetermined. It said: "[t]his is so because otherwise these prohibitions on unfair claims settlement practices would create a form of statutory liability without fault." That court could not perceive "any legislative intent to create rights of action totally divorced from ultimate liability." (*Heninger* v. *Foremost Ins. Co., supra,* 175 Cal.App.3d at p. 834.)

The cases relied on by Taylor do not make us conclude otherwise. Taylor misstates the holding in *Rodriguez* v. *Fireman's Fund Ins. Co.* (1983) 142 Cal.App.3d 46, 55 [190 Cal.Rptr. 705]. That court did not state it was unnecessary to determine whether the insurer had admitted liability in order to decide whether a cause of action was stated, but rather, that it was unnecessary to make that determination because plaintiff's allegation that the insurer admitted liability must be accepted as true for the purposes of the defendant's demurrer. *Jackson* v. *State Farm Mutual Auto. Ins. Co., supra,* 148 Cal.App.3d at page 1185, footnote 2, held a claimant must allege a final determination that the insured is liable to the claimant but found the requirement satisfied. In *Trujillo* v. *Yosemite-Great Falls Ins. Co.* (1984) 153 Cal.App.3d 26, 28 [200 Cal.Rptr. 26], plaintiff alleged an arbitration award in favor of other persons injured in the same accident. The demurrer was sustained with leave to amend for reasons not relevant to this appeal. In *Afuso* v. *United States Fid. Guar. Co., supra,* 169 Cal.App.3d at page 861, and *Vega* v. *Western Employers Ins. Co.* (1985) 170 Cal.App.3d 922, 924 [216 Cal.Rptr. 592], the issue before the court was whether a release of claims signed by the claimant after settlement of the underlying action barred an action against the insurer. In *Afuso* the court held the release which was attached to the insurer's demurrer could not be considered on demurrer. In *Vega* the court reversed a summary judgment finding a question of fact as to whether the release was intended to release the insurer. The issue of predetermination of liability of the insurer was not discussed in *Trujillo, Afuso,* or *Vega.* An opinion is not authority for a proposition not therein considered. (*Valentine* v. *City of Oakland* (1983) 148 Cal.App.3d 139, 149 [196 Cal.Rptr. 59].)

The trial court granted CSAA's motion for summary judgment as to the second cause of action for intentional or negligent infliction of emotional

distress on the grounds the complaint failed to state a cause of action since it failed to allege facts showing outrageous conduct. On appeal, CSAA adds as an additional ground that appellant cannot maintain the cause of action because she has failed to establish a duty. The basis for granting summary judgment is that there is no triable issue of fact. ■ In most instances we would not consider a ground offered for the first time on appeal since the record would not establish the opposing party could not raise a factual issue had the new ground been asserted in the trial court. (*Folberg* v. *Clara G. R. Kinney Co.* (1980) 104 Cal.App.3d 136, 140 [163 Cal.Rptr. 426].) In the instant action, however, Taylor was given the opportunity to present evidence of the factual issue of the duty of CSAA in response to the attack on the first cause of action and failed to present any such evidence. We will, therefore, consider both grounds in this appeal.

The parties fail to distinguish the elements necessary to state a cause of action for negligent infliction of emotional distress from those necessary to state a cause of action for the intentional tort. ■ CSAA was entitled to summary judgment on the cause of action for negligent infliction of emotional distress since such a cause of action "must be predicated on the existence of a duty of care and its breach." (*Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d at p. 965.) We have determined above that CSAA has effectively negated the allegation of its duty under section 790.03 and appellant claims no alternative basis for CSAA's duty to her.

No evidence was offered by either party with respect to the independent tort of intentional infliction of emotional distress. ■ A motion by a defendant for summary judgment necessarily includes a test of the sufficiency of the pleadings. Where a pure issue of law is raised, in legal effect, the motion is one for judgment on the pleadings. (*C. L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735, 745 [135 Cal.Rptr. 483].)

The second cause of action incorporates the first cause of action and further alleges in pertinent part that "despite [defendants'] knowledge of plaintiff's severe environmental illness, [defendants] outrageously and maliciously and/or negligently delayed settlement of plaintiff's claim, with the intention and/or result of causing, or with reckless disregard of the probability of causing, severe emotional and physical distress to plaintiff." ■ These allegations of a single instance of delay in settling a claim are insufficient to show the outrageous conduct necessary to state a cause of action for intentional infliction of emotional distress. (*Schlauch* v. *Hartford Accident & Indemnity Co.* (1983) 146 Cal.App.3d 926, 936 [194 Cal.Rptr. 658].) Appellant did not seek the right to amend this cause of action and we assume she could not do so.

The judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.

A petition for a rehearing was denied October 15, 1987.