[Civ. No. 27404. Fourth Dist., Div. Two. Feb. 10, 1982.]

NATIONWIDE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
JENNIE CALZADA, Real Party in Interest.

COUNSEL

Egan, Harrison & Bawden and Charles A. Harrison for Petitioner.

No appearance for Respondent.

Gamer & Tipps, Joel H. Goldberg and James R. Tipps for Real Party in Interest.

OPINION

KAUFMAN, J.—Petitioner Nationwide Insurance Company, defendant in the action below, demurred generally to the plaintiff's complaint, moved for judgment on the pleadings and, alternatively, for abatement of the action. Its demurrer was overruled; its motion for abatement was denied; the motion for judgment on the pleadings was not ruled upon. Contending that these rulings were plainly contrary to law, Nationwide petitioned this court for a writ of mandate. We issued an alternative writ, and the matter is now before us for decision. We have concluded that Nationwide's contentions are meritorious, and the peremptory writ will issue.

## Facts

Nationwide issued a policy of automobile liability insurance affording coverage to a limit of $25,000 to Janna Leon Johnson in respect to a vehicular accident that occurred July 3, 1976, on Interstate 10 in the Fontana area. Apparently a vehicle in which Jennie Calzada was a passenger and which was being driven by her husband ran into the rear of a vehicle being operated by Ms. Johnson when Ms. Johnson experienced some difficulty with her vehicle and stopped in a lane of traffic.

Ms. Calzada filed suit for damages for personal injury against Ms. Johnson in San Bernardino Superior Court; Ms. Johnson denied liability and cross-complained against Mr. Calzada for damages for her own personal injuries. Trial of the personal injury action resulted in a jury verdict in favor of Ms. Calzada and an eventual judgment in favor of Ms. Calzada in excess of $93,000. Ms. Johnson appealed from the judgment and that appeal is now pending.

Ms. Calzada then filed in San Bernardino Superior Court the action underlying this writ proceeding, an action against Nationwide as Ms. Johnson's insurer, seeking damages on allegations that Nationwide acted in bad faith in not negotiating a settlement of the personal injury action within its policy limits and in engaging in conduct amounting to bad faith failure to negotiate a settlement in violation of various subdivisions of section 790.03 of the Insurance Code (see *Royal Globe Ins. Co. v. Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329]). Nationwide's demurrer and motions in the trial court were all founded upon the proposition that inasmuch as Ms. Calzada had not secured a final judgment against Ms. Johnson, an appeal from the judgment still pending, Ms. Calzada has as yet no cause of action against Nationwide.

## Discussion of Contentions

The proposition espoused by Nationwide is correct. Its demurrer should have been sustained and its motion for judgment on the pleadings granted. (*Royal Globe Ins. Co. v. Superior Court, supra*, 23 Cal. 3d at p. 892; cf. *Doser v. Middlesex Mutual Ins. Co.* (1980) 101 Cal. App.3d 883, 891 [162 Cal.Rptr. 115].) In *Royal Globe* it was held for the first time that a cause of action for damages can be maintained by an injured third party against the insurer of a negligent party for dam-

ages resulting from its conduct violating the provisions of Insurance Code section 790.03. However, the court also held that the injured third party may not institute such an action until a judgment establishing the liability of the insured has been secured. The court stated in relevant part: "[U]nless the trial against the insurer is postponed until the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. In addition, damages suffered by the injured party as a result of the insurer's violation of subdivisions (h)(5) and (h)(14) may best be determined after the conclusion of the action by the third party claimant against the insured. Thus, plaintiff's claim against defendant was brought prematurely and the trial court should have sustained defendant's demurrer and granted the motion for judgment on the pleadings on that ground." (23 Cal.3d at p. 892.)

Ms. Calzada urges that what the court really held was that the injured third party may not sue both the insurer and the insured in the same lawsuit. Certainly the court said that and cited as one reason for its decision the prohibition against informing a jury charged with determining liability that the defendant carries liability insurance. (*Royal Globe Ins. Co.* v. *Superior Court, supra*, 23 Cal.3d at p. 891.) However, the court went on immediately to give the other two reasons for its decision contained in the quoted statement (defense of the insured may be hampered by discovery against the insurer and damages may best be determined after conclusion of the action against the insured). And we believe they constituted an essential part of the decision. (See *Doser* v. *Middlesex Ins. Co., supra*, 101 Cal.App.3d at p. 891.) Both these reasons are fully applicable to the case at bench, because if the judgment against Ms. Johnson is reversed, the personal injury action will be retried.

In view of its reasoning, the court's language in *Royal Globe* "until the liability of the insured is first determined" and "after the conclusion of the action by the third party claimant against the insured" could only have had reference to a final determination and conclusion, a final judgment.

Our conclusion is supported by language in several somewhat analogous well-known bad faith cases cited by Ms. Calzada in support of her own position. In discussing a statute of limitations problem in *Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 662 [328

P.2d 198, 68 A.L.R.2d 883], the court stated: "Sloan's [the insured's] cause of action against the insurer [which was later assigned to Mr. and Mrs. Comunale] arose on August 13, 1950, when the judgment in the bodily injury action became *final*." (Italics added.) Similarly, in *Brown v. Guarantee Ins. Co.* (1957) 155 Cal.App.2d 679, 690 [319 P.2d 69], in answer to the argument that payment of the excess judgment by the insured was a prerequisite to the insured's stating a cause of action against the insurer for bad faith, the court stated: "However, logic and reason support the contrary view that the insured's cause of action arises when he incurs a *binding* judgment in excess of the policy limit." (Italics added.)

Our conclusion also finds support in the general rule of indemnity law that "[w]here the terms of the indemnity contract, or law of the state, require a judgment against the ... [indemnitee] before direct action against the insurer, no liability accrues as an enforceable claim against the insurer until recovery of a *final* judgment against [the indemnitee]." (*Mathews Cadillac, Inc. v. Phoenix of Hartford Ins. Co.* (1979) 90 Cal.App.3d 393, 397 [153 Cal.Rptr. 267], italics added, and cases there cited; see also Ins. Code, § 11580, subd. (b)(2); *Langley v. Zurich Gen. Acc. & L. Ins. Co.* (1929) 97 Cal.App. 434, 441 [275 P. 963].)

Accepting the requirement of a final judgment arguendo, Ms. Calzada argues that her judgment is "final." In support of the argument she cites numerous authorities determining whether particular judgments are final in the context of Code of Civil Procedure section 904.1, that is, whether they are final for purposes of appeal. She points out that if the judgment in the personal injury action were not final, it would not be appealable, and, of course, Nationwide's insured has appealed.

The argument is inventive but unpersuasive. When a court speaks of a final determination of liability it has reference to a judgment that is final for res judicata purposes (see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 162, 163, pp. 3306, 3307), not for purposes of appeal. The reason is apparent: unless the determination of liability and the amount of damages were finally determined in the res judicata sense, the insurer would not be collaterally estopped by the judgment from relitigating in the third party action facts relating to the question of liability and damages.

*Disposition*

Let a peremptory writ of mandate issue to the San Bernardino Superior Court commanding it to vacate its order overruling Nationwide's demurrer to the complaint and to enter new orders sustaining the demurrer, granting Nationwide's motion for judgment on the pleadings and dismissing the action. Petitioner shall recover from real party its costs in this proceeding.

Morris, Acting P. J., and Tamura, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.