[No. B010486. Second Dist., Div. Five. Dec. 17, 1985.]

RAYMOND HENINGER, Plaintiff and Appellant, v.
FOREMOST INSURANCE COMPANY et al.,
Defendants and Respondents.

COUNSEL

James R. Gillen and Richard S. Klein for Plaintiff and Appellant.

Joel F. Citron and Will Jay Pinkey for Defendants and Respondents.

OPINION

EAGLESON, J.—In this case we consider the question whether appellant states a *Royal Globe* cause of action for alleged violations of Insurance Code section 790.03, subdivision (h), paragraphs (1), (2), (3), (4), (5), (7) and (13), when he does not plead that there has been a final determination of the insured's liability. We conclude that he does not.

## FACTS

In a second amended complaint appellant alleged that he was a resident of the Thunderbird Mobile Home Park (Park) in Pomona, California. The Park was insured by Foremost Insurance Company (respondent).[1] A severe storm occurred on November 30, 1982, causing property damage to appellant's mobile home. He claimed that his loss was compensable under the subject policy of insurance in that the owner of the Park had allowed the trees upon that property to become rotted and unsteady, resulting in one of them being blown over, causing damage to appellant's trailer and contents.

Appellant provided respondent with due and timely written notice of proof of loss and made a demand upon it for payment of all the losses. Initially, respondent refused to settle appellant's claim against the Park. Respondent at first represented to appellant that his losses were not compensable under the policy although at that time respondent had undertaken no investigation regarding the nature and causation of the losses. Later, respondent represented to appellant that his losses were the result of an Act of God and thus not compensable. Finally, respondent induced appellant to settle his claim against the Park for the sum of $1,058.88, which appellant claims was a sum of money substantially less than the amount he was reasonably entitled to under the terms of the policy.

Prior to delivering its draft to appellant in settlement of his claim against the Park, respondent required appellant to execute a release of all claims. Appellant executed the release but struck out all language purporting to release the respondent, its agents or employees. There is no allegation that in the release, or elsewhere, respondent or its insured admitted liability.[2]

The second amended complaint alleges violations of Insurance Code section 790.03, subdivision (h), paragraphs (1), (2), (3), (4), (5), (7) and (13),[3,4] and seeks compensatory as well as punitive damages.

---

[1] Other parties are also named defendants in the action, but are alleged to be agents of respondent. All defendants are collectively referred to as respondent.

[2] The release was not attached to the complaint and is not part of the record on appeal.

[3] All further statutory references are to the Insurance Code unless otherwise indicated.

[4] Section 790.03, subdivision (h) provides as follows: "Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:

"(1) Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue.

"(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

"(3) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

"(4) Failing to affirm or deny coverage of claims within a reasonable time after proof of

Respondent's general demurrer to the second amended complaint was sustained without leave to amend. This is an appeal from the judgment of dismissal entered thereon. We affirm.

## DISCUSSION

■ For the first time the California Supreme Court in *Royal Globe Insurance Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] held, inter alia, that a third party claimant may sue an insurer directly for violating subdivision (h), paragraphs (5) and (14). As a condition precedent to the bringing of this direct claim, however, *Royal Globe* stated "that the third party's suit may not be brought until the action between the injured party and the insured is concluded," and that the "trial against the insurer [should be] postponed until the liability of the insured is first determined . . . ." (*Id.*, at pp. 884, 892.) *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 714 [180 Cal.Rptr. 464] held that this language in *Royal Globe* referred to a final judgment.

In *Rodriguez* v. *Firemen's Fund Ins. Co.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705], this court expanded the concept of "conclusion" of an action against the insured beyond the notion of a final judgment. This concept also encompasses the situation "where the liability of the insured is admitted and the underlying lawsuit is concluded by the statutory acceptance of an offer (Code Civ. Proc., § 998) followed by a judgment entered thereafter or an injured plaintiff's motion to dismiss with prejudice . . . ." (*Id.*, at p. 53.)[5] (Italics added.)

In *Williams* v. *Transport Indemnity Co.* (1984) 157 Cal.App.3d 953, 962 [203 Cal.Rptr. 868], the court held that *Royal Globe* "reasonably has been interpreted as requiring the final determination of an insured's liability as a

---

loss requirements have been completed and submitted by the insured.

"(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

" . . . . . . . . . . . . . . . . . . .

"(7) Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

" . . . . . . . . . . . . . . . . . . .

"(13) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement."

[5]Prior to accepting the statutory offer Rodriguez notified the insurer of her intention to reserve her rights to proceed against it for bad faith. The circumstances in our case are similar in that the appellant executed the release but specifically struck out all language purporting to release the insurance carrier, its agents, or employees. We do not address the legal efficacy of this unilateral alteration of the release by the appellant as it is not dispositive of this appeal; nor was this point briefed or argued by counsel.

condition precedent to the maintenance of an action against an insurer for the violation of Insurance Code section 790.03, subdivision (h)(5) . . . ."

Therefore, under the authority of *Royal Globe* and *Williams,* appellant has stated no cause of action under the provisions of section 790.03, subdivision (h), paragraph (2) or (5) because there is no allegation that the legal liability of the insured (Park) has been finally determined.

We return, however, to the allegations purporting to state unfair claims settlement practices in violation of section 790.03, subdivision (h), paragraphs (1), (3), (4), (7) and (13). We are persuaded that no viable cause of action can be pled for an alleged violation of any of these provisions until the twin requirements of conclusion of the dispute between the injured party and the insured, *and* final determination of the insured's liability are alleged.[6]

Appellant argues that assuming the decision in *Williams* precludes appellant's cause of action for violation of section 790.03, subdivision (h), paragraph (5), the narrow holding of that case does not prevent causes of action brought for alleged violations of section 790.03, subdivision (h), paragraphs (1), (3), (4), (7) and (13).[7] We disagree.

There cannot be unfair claims settlement practices *in vacuo. Royal Globe* itself requires as a condition precedent to the creation of a cause of action for violations of section 790.03, subdivision (h), paragraphs (2) and (5) that "liability of the insured [be] first determined." This is so because otherwise these prohibitions on unfair claims settlement practices would create a form of statutory liability without fault. ■ "It is fundamental that an insurance contract is, by nature, an indemnity contract . . . ." (*Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d at p. 960.) ■ The general rule of indemnity is that no liability accrues as an enforceable claim against an insurer until recovery of a final judgment against the indemnitee. (*Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 715.)

■ As we have discussed, *Royal Globe* causes of action may arise under circumstances other than upon determination by a final judgment, but the cases do not support nor can we perceive any legislative intent to create rights of action totally divorced from ultimate legal liability. The right of

---

[6]*Royal Globe* referred to conclusion of the "action" between the injured party and the insured. This was stated in the context of an underlying suit having been filed. The noun "dispute" is broader and connotes conclusion of an "action," or litigation, as well as resolution by way of settlement without suit being filed; but there must be a final determination of the insured's liability in either situation.

[7]Appellant also makes the same argument with respect to section 790.3, subdivision (h), paragraph (2), but we have already concluded, *ante,* that this contention must fail.

an insured party to file a direct suit against an insurer under the *Royal Globe* doctrine does not eliminate this requirement.

Here, there is an absence of any allegation of a final determination of the insured's liability whether by way of judgment, admission or otherwise. "[A] duty to settle a third party claim in good faith does not arise unless the insured is liable." (*Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d at p. 965.)

The case of *Afuso* v. *United States Fid. & Guar. Co.* (1985) 169 Cal.App.3d 859 [215 Cal.Rptr. 490], relied on by appellant, is inapplicable, because it was decided on a different and very narrow pleading issue. There, plaintiff filed suit against United States Fidelity and Guaranty Company, Inc. alleging a violation of section 790.3, subdivision (h)(5). She alleged she was injured in an automobile accident and ultimately accepted a $40,000 settlement. "She stated that, pursuant to the settlement, she executed 'a release of all claims;' [fn. omitted] however, '[n]othing contained in said release purported to waive Plaintiff's right to proceed against Defendants . . . for their breach of duty under Insurance Code section 790.03.' Plaintiff did not attach a copy of the release to her complaint." (*Id.,* at p. 861.)

The trial court sustained a demurrer to the complaint without leave to amend. In reversing, the appellate court stated that the threshold issue was "whether plaintiff's underlying personal injury action was 'concluded' for purposes of *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880," and held that "by pleading a settlement and release, plaintiff has met the minimum requirements for establishing her action was concluded within the meaning of *Royal Globe.*" (*Id.,* at pp. 862-863.)

The issue in the instant case is not one of "conclusion" of the action within the meaning of *Royal Globe* but whether there has been a final determination of liability of the insured, a point not addressed in *Afuso.*

DISPOSITION

The judgment of dismissal is affirmed.

Feinerman, P. J., and Hastings, J., concurred.