[No. A044404. First Dist., Div. One. Mar. 14, 1990.]

GREGORY MARENGER, Plaintiff and Appellant, v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Gordon, DeFraga, Watrous & Pezzaglia and Allan DeFraga for Plaintiff and Appellant.

Lillick & Charles, Stephen C. Johnson, Jeffrey A. Blair, Crosby, Heafey, Roach & May, James C. Martin and Kathy M. Banke for Defendants and Respondents.

**OPINION**

**NEWSOM, J.**—Plaintiff and appellant, Gregory Marenger, filed an action on September 12, 1988, under Insurance Code section 790.03, subdivision (h), alleging that respondents refused to negotiate in good faith to effectuate a prompt, fair and equitable settlement of his personal injury action. Hughes Aircraft Company (hereafter Hughes) and Thermogenics, Inc. (hereafter Thermogenics), among other defendants, were sued by appellant for serious personal injuries he sustained in a "multi-vehicular" accident on November 2, 1980. Respondent Hartford Accident and Indemnity Company (hereafter Hartford) provided the primary policy of comprehensive liability insurance to Hughes and Thermogenics in the amount of $1 million, while respondents American Home Assurance Company (hereafter American) and Southeastern Aviation Underwriters (hereafter Southeastern) provided excess policy coverage.

Appellant's action for personal injuries was consolidated with others arising out of the same accident, and ultimately proceeded to trial. The jury found against appellant, but upon his motion the trial court found defendants Hughes and Thermogenics liable as a matter of law, and entered a

judgment notwithstanding the verdict, in favor of appellant on December 29, 1983. Hughes and Thermogenics filed an appeal from the judgment of the trial court. This court affirmed the judgment on September 14, 1987, and remanded the case to the trial court for a new trial on the issue of damages only.

Jury trial on the issue of damages in the underlying personal injury suit had not been held when appellant filed the present action against respondents, alleging that throughout the course of the litigation of the personal injury suit respondents "failed and refused and continue to fail and refuse, to attempt in good faith to effectuate a prompt, fair and equitable settlement of plaintiff's claim on which liability has been established in violation of their statutory duty as imposed upon them by § 790.03 (h) of the Insurance Code of the State of California." Appellant seeks damages for "additional costs and fees connected with continuing the litigation," and emotional harm which "will continue to accrue in the future."

Appellant filed the present action to avoid the consequences of *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58] (hereafter *Moradi-Shalal*), in which our high court overruled its previous opinion in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] (hereafter *Royal Globe*), to hold that a private civil cause of action is not available against an insurer for a violation of section 790.03, subdivision (h). (See also *Zephyr Park* v. *Superior Court* (1989) 213 Cal.App.3d 833, 836 [262 Cal.Rptr. 106].) The court also determined that in "fairness to the substantial number of plaintiffs who have already initiated their suits in reliance on *Royal Globe*," its decision in *Moradi-Shalal* "will not apply to those cases seeking relief under section 790.03 filed before our decision here becomes final." (46 Cal.3d 287, 305; see also *Beatty* v. *State Farm Mut. Auto. Ins. Co.* (1989) 213 Cal.App.3d 379, 389 [262 Cal.Rptr. 79].) Appellant filed his action for unfair insurance practices after the *Moradi-Shalal* opinion was filed but before it became final. At that time, the liability of respondents' insured to appellant had been finally determined, but the issue of damages remained to be litigated.

The trial court sustained respondents' demurrer to appellant's action for unfair insurance practices (Ins. Code, § 790.03, subd. (h)) because the underlying personal injury suit is still pending. In this appeal, we must determine whether appellant's action is premature.

In *Royal Globe,* the court did not discuss the procedural prerequisites of a third party suit for unfair insurance practices under section 790.03, except

to state that such a suit "may not be brought until the action between the injured party and the insured is concluded," and "the liability of the insured is first determined . . . ." (23 Cal.3d at pp. 884, 892; see also *Heninger* v. *Foremost Ins. Co.* (1985) 175 Cal.App.3d 830, 833 [221 Cal.Rptr. 303].) As the court later acknowledged in *Moradi-Shalal,* in *Royal Globe* it did not "explicitly consider what would constitute a sufficient 'conclusion' of the action." (46 Cal.3d at p. 305.) The court proceeded to decide for the purpose of "*Royal Globe* actions which are not affected by the decision here," that "settlement is an insufficient conclusion of the underlying action: there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer under section 790.03." (46 Cal.3d at pp. 305-306.)

Appellant contends "that the language in *Moradi-Shalal* should be taken at face value," to mean that only a judicial determination of liability is a condition precedent to a section 790.03 action. It is appellant's position that *Moradi-Shalal* did not impose the additional requirement that the underlying action has been "concluded in *all* respects." Where, as here, liability of the insured has been finally determined and only the extent of damages remains an issue, appellant submits that his cause of action for unfair insurance practices has "fully accrued" and is not subject to demurrer as premature. We must disagree.

As the court in *Moradi-Shalal* reaffirmed, *Royal Globe* imposed the procedural prerequisite of "conclusion" of the action between the injured third party and the insured. (46 Cal.3d at p. 287.) *Royal Globe* was uniformly so interpreted by appellate decisions, even those which held that a final judicial determination of the insured's liability—as opposed to mere settlement of the underlying action—is not required to bring suit under section 790.03. (See *Vega* v. *Western Employers Ins. Co.* (1985) 170 Cal.App.3d 922 [216 Cal.Rptr. 592]; *Afuso* v. *United States Fid. & Guar. Co.* (1985) 169 Cal.App.3d 859 [215 Cal.Rptr. 490]; *Rodriguez* v. *Fireman's Fund Ins. Co.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705].) In *Heninger* v. *Foremost Ins. Co., supra,* 175 Cal.App.3d 830, 834, the court declared: "We are persuaded that no viable cause of action can be pled for an alleged violation of [section 790.03] until the twin requirements of conclusion of the dispute between the injured party and the insured, *and* final determination of the insured's liability are alleged." (Quoted with approval in *Moradi-Shalal, supra,* 46 Cal.3d 287, 309.) The court in *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 714 [180 Cal.Rptr. 464], observed that "the court's language in *Royal Globe* 'until the liability of the insured is first determined' and 'after the conclusion of the action by the third party claimant aganist the insured' could only have had reference to a final determina-

tion and conclusion, a final judgment." (See also *Moradi-Shalal, supra,* 46 Cal.3d at p. 309; *American Internat. Underwriters Agency Corp.* v. *Superior Court* (1989) 208 Cal.App.3d 1357, 1364 [256 Cal.Rptr. 730]; *Green* v. *Travelers Indemnity Co.* (1986) 185 Cal.App.3d 544, 552 [230 Cal.Rptr. 13].)

*Moradi-Shalal* did not dispense with the requirement of conclusion of the underlying action (46 Cal.3d at pp. 305-306), but rather superimposed upon the *Royal Globe* "predetermination" rule the additional condition precedent in section 790.03 actions of final judicial determination of the insured's liability—as opposed to mere settlement of the dispute between the injured third party and the insured. (*Id. at* p. 313; see also *Zephyr Park* v. *Superior Court, supra,* 213 Cal.App.3d 833, 839.) *Moradi-Shalal* "adopted the reasoning of the court in *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 714 . . . which had construed *Royal Globe's* holding that a bad faith claim could 'not be brought until the action between the injured party and the insured is concluded,' (*Royal Globe, supra,* 23 Cal.3d at p. 884) to mean that 'the injured third party may not institute [a section 790.03] action until a judgment establishing the liability of the insured has been secured.' Thus, *Moradi-Shalal* held that 'the insured's liability must be *judicially determined* before a *Royal Globe* action can be brought.' (*Moradi-Shalal, supra,* 46 Cal.3d at p. 313; italics added.)" (*State Farm Mut. Auto. Ins. Co.* v. *Superior Court* (1989) 211 Cal.App.3d 5, 10, fn. omitted [259 Cal.Rptr. 50].)

Appellant seizes upon the court's language in *Moradi-Shalal* that "there must be a conclusive judicial determination of the insured's *liability* before the third party can succeed in an action against the insurer under section 790.03," to argue that conclusion of the *damages* aspect of his suit against respondent's insureds is not necessary to pursuit of his section 790.03 claim. (46 Cal.3d at p. 306, italics added.) As we read *Moradi-Shalal,* the reference to "liability" was made in the context of resolving the stated issue of "whether settlement of the third party's underlying claim against the insured 'concludes' the action within the meaning of *Royal Globe,*" not to distinguish liability from damages in determining when an action is concluded. (*Id.* at p. 305.) Following *Moradi-Shalal,* it has been observed that "a plaintiff must plead both a conclusion of the dispute between the injured party and the insured, and a final determination of the insured's liability as conditions precedent to commencement of a section 790.03 action." (*Wade* v. *20th Century Ins. Co.* (1988) 206 Cal.App.3d 32, 37 [253 Cal.Rptr. 361].)

We deem it necessary to examine the policies underlying the predetermination rule enumerated in *Royal Globe* and *Moradi-Shalal* to determine the

propriety of permitting appellant to proceed with his section 790.03 action before resolution of the claim for damages in the underlying suit. **(2)** In *Moradi-Shalal,* the court identified the reasons for demanding conclusion of the underlying suit before commencement of an action against the insurer for unfair insurance practices: 1) otherwise, Evidence Code section 1155, which makes evidence of insurance inadmissible to determine the insured's liability, might be violated in letter and spirit; 2) the defense of the insured might be compromised by discovery initiated by the injured party against the insurer; 3) the damages suffered by the injured party as a result of the insurer's violation of section 790.03 are best determined after conclusion of the action by the third party claimant against the insured; and 4) no enforceable claim accrues against the insurer until the liability of the insured is established. (46 Cal.3d at pp. 306-307; see also *Royal Globe, supra,* 23 Cal.3d at pp. 891-892.)

 Where, as here, the liability of the insured has been conclusively established and only the issue of damages in the underlying suit remains to be litigated, we recognize that our high court's concerns with evidence of insurance and the quality of the insured's defense, while still meriting some consideration, are insignificant. Appellant's failure to conclude the damages element of his action against respondents' insured brings into play the remaining reasons for requiring predetermination, however.

Specifically, the damages appellant seeks to recover in the present suit—loss of use of the proceeds of his claim against respondents—cannot be fully ascertained until conclusion of the underlying case. "The conclusion of the action against the insured provides some means of assessing the extent of the insured's liability and, hence, the damaging effect of the insured's violation of its statutory duty." (*Williams* v. *Transport Indemnity Co.* (1984) 157 Cal.App.3d 953, 961 [203 Cal.Rptr. 868].)

And, the most significant factor is the lack of final resolution of the insurer's liability to appellant for his injuries. The essential preliminary inquiry in any action alleging a violation of section 790.03 must be " 'whether the insured was liable in actuality for the third party claimant's injury.' [Citation.] In short, if the insured is not liable to the claimant, then the insurer is likewise not liable on the claim." (*Moradi-Shalal, supra,* 46 Cal.3d 287, 307.) "The policy reason for this rule is obvious: the insurance carrier's liability toward a third party is derivative in nature, that is, the insurer cannot be found liable toward third persons unless the insured itself is liable. As concisely stated in *Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d 953, 960: 'It is fundamental that an insurance contract is, by nature, an indemnity contract; no enforceable claim accrues against the

insurer until the insured's liability is in fact established.'" (*Green* v. *Travelers Indemnity Co., supra,* 185 Cal.App.3d 544, 553-554.)

■ Here, while the insured has been adjudicated liable for appellant's personal injuries, the extent of the damages in the underlying suit remains subject to dispute. Damages must be pleaded and proved as an essential element in a negligence action. (*Rosales* v. *Stewart* (1980) 113 Cal.App.3d 130, 133 [169 Cal.Rptr. 660].) Without final judicial declaration of both liability and damages, the insurer's duty to effectuate a good faith settlement of the claim is not established. The court in *Moradi-Shalal, supra,* 46 Cal.3d 287, 308, declared: "The insurer is entitled, in good faith, to decline to pay what it considers to be an excessive settlement on a claim of questionable validity. ■ As stated in *Becknam* v. *Safeco Ins. Co. of America* (9th Cir. 1982) 691 F.2d 898, 903, footnote 3, 'The insurer is not required to settle claims in which liability is reasonably clear, it is simply required to make a good faith attempt to reach a settlement. While liability may be reasonably clear, damages may not be, and an insurer is not necessarily required to accept whatever settlement demand is made by the third party claimant.'" (See also *American Internat. Underwriters Agency Corp.* v. *Superior Court, supra,* 208 Cal.App.3d 1357, 1364.) Thus, while the insurer's duty to settle may arise before the insured is declared liable to the injured third party, the right to recover in a *Royal Globe* action for breach of that duty depends upon conclusion of the underlying action. (*Moradi-Shalal, supra,* 46 Cal.3d 287, 309, citing with approval *Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d 711; *Doser* v. *Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883 [162 Cal.Rptr. 115].)

■ Until final resolution of the entire underlying action, including the element of damages, respondent's duty to settle cannot be definitively assessed. In our view, a final determination of liability in the context of a *Royal Globe* action requires a judgment which is final, for res judicata purposes, as to both liability *and* damages. "The reason is apparent: unless the determination of liability and the amount of damages were finally determined in the res judicata sense, the insurer would not be collaterally estopped by the judgment from relitigating in the third party action facts relating to the question of liability and damages." (*Nationwide Ins. Co.* v. *Superior Court, supra,* 128 Cal.App.3d at p. 715; see also *Taylor* v. *State Farm Fire & Casualty Co.* (1985) 172 Cal.App.3d 557, 560 [218 Cal.Rptr. 403].) We accordingly conclude that appellant's complaint for unfair insurance practices under section 790.03 is premature and was properly dismissed by the trial court.

The judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.